UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FRANCISCO J. GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:07 CV 391 JM |
| ) | |
| BERNARD FREEMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Francisco J. Garcia, a Federal pretrial detainee, filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his federally protected rights at the Lake County Jail. The defendants are Lake County Sheriff Roy Dominguez and Jail Warden Bernard Freeman. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to

> dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

2

Garcia brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Garcia is a pretrial detainee seeking damages for conditions of confinement at the Lake County Jail. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). The Eighth Amendment requires that prison officials ensure

3

that inmates receive adequate food, clothing, and shelter. *Farmer v. Brennan*, 511 U.S. at 832. But conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971). In *Martin v. Tyson*, the court observed that "the conditions at the Marshall County Jail may be far from ideal. But again, the Marshall County Jail is a small, rural jail, and jails do not have to duplicate the amenities of small, rural hotels. To make out a claim under 42 U.S.C. § 1983, Martin must show that intentional actions of the defendants served to deprive him of a constitutional right. He has not been Constitutionally harmed here." *Martin v. Tyson*, 845 F.2d at 1457 (citations omitted).

Garcia's twenty-four page statement of claim presents two issues dealing with conditions of confinement at the Lake County Jail. His first issue deals with Staph disease, which Garcia states was a problem at the jail. He alleges that conditions the defendants established or tolerate at the jail make it more likely that Staph infection could spread from one inmate to another and that the jail does not provide adequate and effective treatment for inmates with Staph disease.

The Constitution doesn't mandate comfortable prisons or jails, and "only those deprivations denying "'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. at 298, quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A plaintiff asserting an Eighth Amendment claim must show that objectively, the alleged deprivation was

4

sufficiently serious to rise to the level of a Constitutional violation, and subjectively, that the defendant acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. at 834. Garcia does not allege that he contracted Staph disease at the jail or that he suffered any other actual harm from the conditions he complains. Other inmates may have contracted Staph disease while they were at the jail, and may have a claim upon which relief can be granted against these defendants. But Barnes may not assert the rights of any other inmate who may have suffered actual harm from this policy because he lacks standing to do so. *See Elk Grove Unified School District v Newdow*, 542 U.S. 1, 12 (2004).

Issue two of the complaint's statement of claim, entitled "Jail Conditions," deals with a wide variety of conditions at the jail. In the first paragraph, entitled "Restroom Facilities," Garcia alleges that "[i]nmates are locked out of their cells for hours at a time, and each day they spend a total of 10 hours in the day room, without access to the toilets in their cells." (Statement of Claim at p. 12). He further alleges that the day room has no toilet facilities, and that "policy dictates that officers not open the cells to allow inmates to be able to perform excretory functions or use the toilet . . .." (*Id.*).

If jail officials prevent inmates from having access to toilet facilities for ten straight hours every day, it might state a claim upon which relief can be granted. But Garcia does not allege that inmates do not have access to the commodes in their cells for ten straight hours, and the complaint establishes that this is not the case. The prisoners are in the day room a total of ten hours a day, but Lake County Jail officials break up the ten hours with scheduled periods where inmates had access to their cells and to the

5

commodes in their cells. Conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. *Adams v. Pate*, 445 F.2d at 108-109.

In his next claim, entitled "Use of Showers," Garcia asserts that the defendants require all thirty-two inmates in his unit to shower in four shower stalls within a one hour period between 6:30 a.m. and 7:30 a.m., during which the dayroom is closed and only the showers are open. For the rest of the day, Garcia states that the showers are closed to all inmates. Garcia complains that requiring inmates to shower early in the morning is inconvenient, and that many of them have decided to go without showering because they would rather sleep in. The Constitution, however, does not require jail officials to establish a shower schedule that inmates feel is convenient. The Lake County Jail policy provides adequate time for all of the inmates to shower, if they chose, and does not deprive them of the minimal civilized measure of life's necessities. *See Henderson v. Lane*, 979 F.2d 466, 468 (7th Cir. 1992). If prisoners make individual decisions to skip showers in favor of sleeping in it is they, not the jail administration, who are responsible for any deterioration in their personal hygiene.

In his next claim, entitled "Cell Cleaning," Garcia complains that jail officers do not inspect the cells other than by routinely looking into them during count times, and that the defendants only provide cleaning supplies to inmates once a week. The next claim, entitled "The Dayroom" asserts that the administration does not conduct daily inspections of the day room. According to the complaint, the administration provides

cleaning supplies after each meal for inmate volunteers to clean the day room, but that only "a half-hearted effort is made to clean the dayroom quickly so that inmates can return to their daily routine." (Statement of Claim at p. 15). In his claim entitled "Shower Stalls," Garcia states that inmates consistently urinate in the shower stalls and that the defendants only provide cleaning supplies once a week.

Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). "To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." *Id.* at 124 (citations omitted). That jail officials require inmates to clean their cells and the common areas and provide cell and shower cleaning materials once a week and materials to clean the day room after each meal establishes that they are not indifferent to sanitation.

In his claim entitled "Water Fountains," Garcia alleges that "the administration of the LCJ doesn't provide a water fountain in the dayrooms of the housing units. Inmates have no access to water in the dayrooms of the pods, for hours at a time." (Statement of Claim at p. 16). As already noted, the time inmates spend in the dayroom is broken by periodic access to their cells, which have running water. Moreover, in the portion of his complaint dealing with meals, Garcia states that inmates are fed three times a day in the day room. Accordingly, the facility provides liquid refreshment to the inmates at least three times during the period they spend in the day room in addition to

7

some opportunity to go to their cells. It might be more convenient for inmates if the jail had a drinking fountain available in the day room, but giving them something to drink with meals three times a day as well as periodic access to water in their cells does not deprive them of the minimal civilized measure of life's necessities.

In his claim entitled "Uniform Exchange," Garcia alleges that the Lake County Jail issues prisoners one uniform to wear for a week. In his claim entitled "Underwear," Garcia asserts that jail officials did not provide underwear to indigent inmates. In his claim entitled "Blankets," he states that the administration did not exchange prisoners' blankets on a regular basis.

Conditions that merely cause inconvenience and discomfort or make confinement unpleasant don't rise to the level of constitutional violations. Providing one uniform a week and not having a regular exchange for blankets does not deprive a prisoner of the minimal civilized measure of life's necessities. If jail officials do not provide underwear to an indigent prisoner who did not have his own, and the prisoner suffers actual harm, then it might state a claim upon which relief could be granted. But Garcia does not allege that he suffered any actual harm, and it is not reasonable to infer that he suffered any actual harm from this practice. Indeed, he does not even allege that he was an indigent inmate, and the court notes that the initial partial filing fee paid by Garcia in this case was $105.33. (DE 6). It may be that some inmates at the jail could not afford underwear and suffered harm, but Garcia may not assert the rights of any other

8

inmate because he lacks standing to do so. *See Elk Grove Unified School District v Newdow*, 542 U.S. at 12.

In his claim entitled "Personal Hygiene Items," Garcia asserts that the jail only gives inmates a toothbrush, small tubes of toothpaste, small bars of soap, a roll of tissue, and a spoon. No deodorant, lotions or other cosmetics are provided to indigent inmates and while additional soap and tissue are issued weekly, toothpaste is not reissued. Garcia alleges that indigent inmates are unable to replace their toothpaste or supplement their personal hygiene items with purchases from the commissary. But, with the possible exception of denial of toothpaste to indigent inmates, the policy alleged does not deprive prisoners of the minimal civilized measure of life's necessities. It may be that some indigent inmates ran out of toothpaste, could not afford to buy more, and suffered harm, but Garcia may not assert the rights of any other inmate because he lacks standing to do so.

In his claim entitled "Meals," Garcia alleges that the defendants provide small portions in the meals they served to the inmates. The Constitution requires that inmates receive adequate amounts of nutritious food, *See Farmer v. Brennan*, 511 U.S. at 832. But Garcia does not allege, and based on his complaint, it would not be reasonable to infer, that his total dietary intake while he was housed at the jail denied him an adequate amount quantity of nutritious food, and he does not allege any actual harm from the meals served.

Garcia submits two claims dealing with access to legal materials and the courts, entitled "Postage & Package" and "Law Library." To establish a violation of the right to access to the courts, an inmate must establish that jail officials failed to provide the assistance required by *Bounds v. Smith,* 430 U.S. 817 (1977), and show that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith* did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an *absolute* deprivation of access to all legal materials" *Lewis v. Casey*, 518 U.S. at 2181 n. 4 (emphasis in original). Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency. *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986), *cert. denied*, 479 U.S. 1019 (1986).

In his claim entitled "Postage & Package," Garcia alleges that the jail "administration does not provide indigent inmates with stamped envelopes to meet their needs to have access to the court. Nothing is provided to indigent inmate[,] no envelopes, no stamps, no paper, and no pens." (Statement of Claim at p. 22). If Lake County Jail officials routinely severely limit indigent prisoners' access to scribe materials and postage, they may eventually violate a prisoner's right of access to the courts. But as already noted, Garcia does not allege that he is indigent. Moreover, delay and inconvenience do not rise to the level of a constitutional deficiency, and Garcia does

10

not allege that he suffered any actual harm from receiving limited amounts of scribe materials and free postage at the Lake County Jail.

In his next claim entitled "Law Library," Garcia alleges that the jail does not allow inmates access to the law library without a court order to do so. This practice keeps inmates ignorant of their charges." (Statement of Claim at p. 22). A pre-trial detainee who is without counsel needs the tools necessary to prepare his defense against the charges against him. But jail officials are not required to provide legal materials to an inmate who "was represented by counsel on his criminal charges." *Martin v. Tyson*, 845 F.2d at 1457. Garcia does not allege that he is not represented in his criminal case by an attorney, and the docket in his criminal case, *United States of America v. Francisco Garcia*, 2:07-cr-94 PS, establishes that he is represented by counsel in the federal criminal proceedings against him. Accordingly, an allegation that the Lake County Jail did not afford him access to materials that would assist a federal prisoner in preparing a defense against his criminal charges states no claim upon which relief can be granted.

In his claim entitled "Disrespectful Staff," Garcia alleges that "the officers who were assigned to the housing unit control booth were extremely disrespectful in their dealing with the inmates, "including using racial epithets, and "bitter black female officers openly being completely disrespectful of black male inmates, for no cause." (Statement of Claim at p. 23). But there is "a *de minimis* level of imposition with which the Constitution is not concerned," *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), and

11

"[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). This is the sort of claim "that does not come within shouting distance of a constitutional grievance . . .." *George v. Smith*, 507 F.3d 605, 608 (7th Cir 2007). The jail guards may be unprofessional in their dealings with Garcia and other prisoners, but the Constitution doesn't require that custody officers treat inmates with the respect they feel they deserve.

Finally, in his claim entitled "Officer Brutality," Garcia alleges that the defendants allow custody officers to beat inmates or use taser guns on them and that "[t]hese officers terrorize the jail population without cause." (Statement of Claim at p. 23). Excessive and unnecessary use of force on convicted prisoners violates the Eighth Amendment's cruel and unusual punishments clause, and use of excessive force on pretrial detainees violates the Fourteenth Amendment's due process clause. But Garcia does not allege that he was a victim of excessive use of force by custody officers. It may be that other inmates at the jail were subjected to excessive use of force, but Garcia may not assert the rights of any other inmate because he lacks standing to do so.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

                                    **SO ORDERED.**

DATE: April 7, 2008

                                    s/ James T. Moody  
                                    JUDGE JAMES T. MOODY  
                                    UNITED STATES DISTRICT COURT